IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ENTERPRISE SYSTEMS TECHNOLOGIES S.a.r.l., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. |
| APPLE INC., | : : | Jury Trial Demanded |
| Defendant. | : : | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Enterprise Systems Technologies S.a.r.l. ("Enterprise" or "Plaintiff"), for its Complaint against Defendant Apple Inc. ("Apple" or "Defendant"), hereby alleges as follows:

## THE PARTIES

2. Plaintiff Enterprise is a foreign corporation organized under the laws of Luxembourg, located at 296-298 route de Longwy, Grand-Duche de Luxembourg.

3. On information and belief, Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Apple is in the business of directly or indirectly designing, developing, making, selling in the United States, selling in the United States after importation, and importing into the United States a variety of communications or computing devices and messaging and telephony devices and components thereof that are manufactured outside of the United States including for example, but without limitation, smartphone handsets, tablet computers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, and components thereof.

## NATURE OF THE ACTION

4. This is a civil action for the infringement of United States Patent No. 5,870,610 (the "'610 Patent")(attached as Exhibit A) entitled "Autoconfigurable method and system having automated downloading"; United States Patent No. 6,785,381 (the "'381 Patent")(attached as Exhibit B) entitled "Telephone having improved hands free operation audio quality and method of operation thereof"; United States Patent No. 6,594,366 (the "'366 Patent")(attached as Exhibit C) entitled "Headset/radio auto sensing jack"; United States Patent No. 7,454,201 (the "'201 Patent")(attached as Exhibit D) entitled "System for providing message services through a private network and mobile station"; and United States Patent No. 6,236,642 (the "'642 Patent")(attached as Exhibit E) entitled "Apparatus and method for network resource preservation" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

5. Enterprise is the lawful assignee and owner of all right, title and interest in and to the Patents-in-Suit.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United Stated, 35 U.S.C. § 101, *et seq*.

7. This Court has personal jurisdiction over Apple because, upon information and belief, Apple offers for sale and has sold its products to persons in this District, operates retail stores in this District, conducts business in this District, and has a registered agent for the purposes of accepting service of process in this District. In addition, Apple has committed acts of direct infringement of one or more of the claims of one or more of the Patents-in-Suit in this District.

8. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because Apple is subject to personal jurisdiction in this district and has committed acts of infringement in this District. Apple makes, uses, and/or sells infringing products within the District of Delaware, has continuing presence within the District of Delaware, and has the requisite minimum contacts with the District of Delaware such that this venue is a fair and reasonable one. Upon information and belief, Apple has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the District of Delaware.

## COUNT I
### (Apple's Infringement of the '610 Patent)

9. Paragraphs 1 through 8 are incorporated by reference as if fully restated herein.

10. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '610 Patent.

11. The '610 Patent is valid and enforceable.

12. Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '610 Patent. Such devices are communications or computing devices, or components thereof, including for example but without limitation, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, such as Apple's iPhone 5S and other similar devices embodying the '610 Patent.

13. Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '610 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '610 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

14. Apple has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '610 Patent, knowing those products to be especially made or adapted to infringe the '610 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

15. Apple has had knowledge of and notice of the '610 Patent and its infringement since at least, and through, the filing and service of the Complaint.

16. Apple has and continues to infringe one or more of the claims of the '610 Patent through the aforesaid acts.

17. Enterprise is entitled to recover damages adequate to compensate for Apple's infringement.

## COUNT II
**(Apple's Infringement of the '381 Patent)**

18.  Paragraphs 1 through 17 are incorporated by reference as if fully restated herein.

19.  Enterprise is the assignee and lawful owner of all right, title and interest in and to the '381 Patent.

20.  The '381 Patent is valid and enforceable.

21.  Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '381 Patent. Such devices are communications or computing devices, or components thereof, including but not limited to including for example but without limitation, smartphone handsets, tablet computers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, such as Apple's iPhone 5S and other similar devices embodying the '381 Patent..

22.  Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '381 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '381 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or

computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

23. Apple has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '381 Patent, knowing those products to be especially made or adapted to infringe the '381 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

24. Apple has had knowledge of and notice of the '381 Patent and its infringement since at least, and through, the filing and service of the Complaint.

25. Apple has and continues to infringe one or more of the claims of the '381 Patent through the aforesaid acts.

26. Enterprise is entitled to recover damages adequate to compensate for Apple's infringement.

### COUNT III
### (Apple's Infringement of the '366 Patent)

27. Paragraphs 1 through 26 are incorporated by reference as if fully restated herein.

28. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '366 Patent.

29. The '366 Patent is valid and enforceable.

30. Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems,

components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '366 Patent. Such devices are communications or computing devices, or components thereof, including for example but without limitation, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, such as Apple's iPhone 5S and other similar devices embodying the '366 Patent.

31. Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '366 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '366 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

32. Apple has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '366 Patent, knowing those products to be especially made or adapted to

infringe the '366 patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33. Apple has had knowledge of and notice of the '366 Patent and its infringement since at least, and through, the filing and service of the Complaint.

34. Apple has and continues to infringe one or more of the claims of the '366 Patent through the aforesaid acts.

35. Enterprise is entitled to recover damages adequate to compensate for Apple's infringement.

## COUNT IV
### (Apple's Infringement of the '201 Patent)

36. Paragraphs 1 through 35 are incorporated by reference as if fully restated herein.

37. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '201 Patent.

38. The '201 Patent is valid and enforceable.

39. Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '201 Patent. Such devices are communications or computing devices, or components thereof, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, such as Apple's iPhone 5S and other similar devices embodying the '201 Patent.

40. Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '201 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '201 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

41. Apple has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '201 Patent, knowing those products to be especially made or adapted to infringe the '201 patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

42. Apple has had knowledge of and notice of the '201 Patent and its infringement since at least, and through, the filing and service of the Complaint.

43. Apple has and continues to infringe one or more of the claims of the '201 Patent through the aforesaid acts.

44. Enterprise is entitled to recover damages adequate to compensate for Apple's infringement.

## COUNT V
### (Apple's Infringement of the '642 Patent)

45. Paragraphs 1 through 44 are incorporated by reference as if fully restated herein.

46. Enterprise is the assignee and lawful owner of all right, title and interest in and to the '642 Patent.

47. The '642 Patent is valid and enforceable.

48. Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '642 Patent. Such devices are certain messaging and telephony devices, and components thereof, including for example but without limitation, smartphone handsets, tablet computers and laptop computers, such as Apple's iPhone 5S and other similar devices embodying the '642 Patent.

49. Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '642 Patent by making, using, offering for sale, importing, and selling infringing messaging and telephony devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing messaging and telephony devices, all with knowledge of the '642 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing messaging and telephony devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing messaging and telephony devices through the

creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

50. Apple has also contributed to the infringement of others, including the end users of infringing messaging and telephony devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing messaging and telephony devices into the United States, knowing that those products constitute a material part of the inventions of the '642 Patent, knowing those products to be especially made or adapted to infringe the '642 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

51. Apple has had knowledge of and notice of the '642 Patent and its infringement since at least, and through, the filing and service of the Complaint.

52. Apple has and continues to infringe one or more of the claims of the '642 Patent through the aforesaid acts.

53. Enterprise is entitled to recover damages adequate to compensate for Apple's infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that the '610 Patent, the '381 Patent, the '366 Patent, the '201 Patent, and the '642 Patent are valid and enforceable.

b) A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '610 Patent;

c) A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '381 Patent;

d) A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '366 Patent;

e) A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '201 Patent;

f) A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '642 Patent; and

g) A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

- i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;
- ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and
- iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

| | |
|---|---|
| DATED: June 17, 2014 | Respectfully submitted, |
| | FARNAN LLP |
| Of Counsel: | |
| | /s/ Brian E. Farnan |
| Michael T. Renaud | Brian E. Farnan (Bar No. 4089) |
| James M. Wodarski | 919 North Market Street, 12th Floor |
| Andrew H. DeVoogd | Wilmington, Delaware 19801 |
| Marguerite McConihe | (302) 777-0300 |
| MINTZ, LEVIN, COHN, FERRIS, | (302) 777-0301 (Fax) |
| GLOVSKY & POPEO P.C. | bfarnan@farnanlaw.com |
| One Financial Center | |
| Boston, MA 02111 | |
| (617) 542-6000 | |
| mtrenaud@mintz.com | |
| jwodarski@mintz.com | |
| ahdevoogd@mintz.com | *Attorneys for Plaintiff* |
| mmcconihe@mintz.com | *Enterprise Systems Technologies S.a.r.l.* |